Adam B. Nach – 013622
**LANE & NACH, P.C.**
2001 East Campbell Avenue, Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Email: adam.nach@lane-nach.com

*Attorneys for Lynton Kotzin, Chapter 11 Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | (Chapter 11 Case) |
| VERDUGO ENTERPRISES, LLC aka VERDUGO GIFT COMPANY, | No. 2:17-bk-04370-BKM |
| Debtor. | **TRUSTEE'S MOTION FOR ORDER (1) AUTHORIZING SALE OF ESTATE PROPERTY FREE AND CLEAR OF LIENS; AND (2) APPROVING SALE AND BIDDING PROCEDURES**<br><br>**Date: TBD**<br>**Time: TBD**<br>**Location: 230 N. First Avenue**<br>**    Phoenix, AZ 85003**<br>**    Courtroom No. 701** |

Lynton Kotzin, Chapter 11 Trustee ("**Trustee**"), by and through his counsel undersigned, herein moves this Court for an Order authorizing him to sell property of this Estate free and clear of liens and encumbrances and to compensate Auctioneer ("**Sale Motion**"). This Sale Motion is supported by the incorporated Memorandum of Points and Authority and the entire record of this administrative case.

**MEMORANDUM OF POINTS AND AUTHORITY**

**I.    FACTUAL BACKGROUND.**

1.    This case was commenced by an involuntary Chapter 11 petition filed by approximately eighteen creditors ("**Petitioning Creditors**") of Verdugo Enterprises, LLC aka Verdugo Gift Company ("**Debtor**") on April 22, 2017 ("**Petition Date**").

2.    On or about October 2, 2017 [DE No. 35], the Court entered an Order granting the relief of the Petitioning Creditors.

3.    On October 20, 2017, by and through a Minute Entry Order, the Court granted the

Petitioning Creditors' Motion to appoint a Chapter 11 Trustee.

4. On October 30, 2017, this Court entered an Order Appointing Trustee [DE No. 55].

5. Prior to the Petition Date, the Trustee believes that the Debtor's day-to-day business included the retail sale of home décor, garden décor, and similar items.

6. At the time of the commencement of this Chapter 7 case, Debtor owned various assets, which assets and inventory are set forth in Schedule A/B and as **Exhibit "A"** as attached hereto (hereinafter "**Property**").

7. By Order dated December 4, 2017 [DE No. 68], Trustee received authority to employ Cunningham & Associates, Inc. ("**Auctioneer**") to inspect and appraise, assemble and store the Property for safekeeping and to conduct a liquidation of such Property. Pursuant to the Order authorizing employment of Auctioneer, the commission for the sale of the Property will be Ten Percent (10%) ("**Commission**") of the total sale proceeds.

8. Post-petition, the Auctioneer has picked up the Property located in Arizona[1] and is currently storing the Property at the Auctioneer's warehouse.

9. Trustee, through this Sale Motion, seeks to effectuate a sale (the "**Sale**") of the Property **As-Is**, **Where-Is**, **with No Representations, Guarantees or Warranties**, and free and clear of all liens, claims, encumbrances and interests in accordance with 11 U.S.C. § 363, with any valid and enforceable liens to attach to the net sale proceeds.

10. Prior to this Sale Motion, the Estate has incurred necessary expenses in the ordinary course in the form of the costs associated with insuring the Property. Through this Sale Motion – the Trustee will also seek to pay those insurance costs incurred by the Estate to date.

*a. Liens and Encumbrances.*

11. Pursuant to the documents and information provided to Trustee, the following creditors have filed a UCC Financing Statement(s) ("**UCC1**") with the Arizona Secretary of State listing "Verdugo Enterprise, LLC" as a debtor:

---

[1] Certain inventory was (and is) located in Amazon Distribution Centers outside of Arizona. Prior to this Sale Motion, Amazon returned approximately twelve (12) pallets of inventory to the office in which Glass Hobby Industries, LLC operates. The proposed sale does not include this inventory; however, the Trustee reserves the right to pursue liquidation of the additional inventory under the same of similar procedures outlined herein.

### i. On Deck Capital, Inc.

12. On Deck Capital, Inc. ("**On Deck**"), by and through Corporation Service Company, as its Representative, filed a UCC1 with the Arizona Secretary of State on both February 25, 2014 at Record No. 2014-000-6184-7 and May 29, 2014 at Record No. 2014-001-7210-6. Copies of On Deck's UCC Financing Statements are attached hereto as **Exhibit "B"**. Pursuant to the documents and information provided to the Trustee, Trustee believes the balance of On Deck's purported lien is not more than $38,100.00. Trustee contends that he may sell the Property free and clear of On Deck's alleged liens and interest pursuant to 11 U.S.C. §§ 363(f)(2) because On Deck consents to the sale and the Property. Alternatively, Trustee contends that he may sell the Property free and clear of On Deck's alleged interest pursuant to 11 U.S.C. § 363(f)(4) as a bona fide dispute exists regarding the validity of the liens.

### ii. Tango Capital.

13. Tango Capital ("**Tango**") filed a UCC1 with the Arizona Secretary of State on October 6, 2014 at Record No. 2014-003-0850-4. A copy of Tango's UCC Financing Statement is attached hereto as **Exhibit "C"**. Tango failed to respond to the Order Granting Trustee's Application for Production of Documents Pursuant to Fed.R.Bankr.P. 2004 entered on December 22, 2017 [DE No. 81]. Upon information and belief, Tango is an affiliate of Snap Advances, LLC. Trustee's counsel has been in communication with Snap Advances, LLC. Pursuant to these discussions, it is believed therefore asserted, that no obligation is due and owing to Tango. Based on this information, Trustee's counsel has requested that Tango file its release of the above referenced UCC1. Trustee contends that he may sell the Property free and clear of Tango's alleged lien pursuant to 11 U.S.C. § 363(f)(4) as a bona fide dispute exists regarding the validity of the lien.

### iii. Amazon Capital Services, Inc.

14. Amazon Capital Services, Inc. ("**Amazon**") filed a UCC1 with the Arizona Secretary of State on May 21, 2016 at Record No. 2016-001-8495-0. A copy of Amazon's UCC Financing Statement is attached hereto as **Exhibit "D"**. Pursuant to the documents and information provided to Trustee, the balance due and owing to Amazon is $597,000.00. Trustee contends that he may sell the Property free and clear of Amazon's alleged lien pursuant to 11 U.S.C. §§ 363(f)(2) because Amazon consents to the

sale and the Property.

### *iv.  First Corporate Solutions, as Representative.*

15. First Corporate Solutions, as Representative ("**FCS**") filed a UCC1 with the Arizona Secretary of State on May 18, 2017 at Record No. 2017-001-8381-7. A copy of FCS's UCC Financing Statement is attached hereto as **Exhibit "E"**. FCS failed to respond to the Order Granting Trustee's Application for Production of Documents Pursuant to Fed.R.Bankr.P. 2004 entered on December 22, 2017 [DE No. 78] and Trustee is aware of the balance, if any, due and owing to FCS. Trustee contends that he may sell the Property free and clear of FCS's alleged lien pursuant to 11 U.S.C. § 363(f)(4) as a bona fide dispute exists regarding the validity of the lien.

### *v.  Ellwood Acceptance, LLC.*

16. Elwood Acceptance, LLC ("**Elwood**") filed a UCC1 with the Arizona Secretary of State on November 22, 2017 at Record No. 2017-004-4411-5. A copy of Elwood's UCC Financing Statement is attached hereto as **Exhibit "F"**. Pursuant to the documents produced by Elwood, the alleged obligation due to Elwood arose from a Loan Agreement ("**Agreement**") dated September 22, 2017 in the principal amount of $10,000. The Agreement was amended on December 6, 2017. The Agreement was all entered into post-Petition without Court approval. Moreover, it is believed that a related entity, Glass Hobby Industries, LLC is a co-borrower on the purported obligation due to Elwood.

17. Trustee contends that he may sell the Property free and clear of Ellwood's alleged lien pursuant to 11 U.S.C. § 363(f)(4) as a bona fide dispute exists regarding the validity of the lien.

### *vi.  Payoff Statements/Objections.*

18. The Trustee requests that all purported secured creditors listed herein provide a payoff statement to the Trustee's counsel, or file an Objection to the Sale Motion, on or before twenty-one (21) days of mailing of the Sale Motion and related notice, setting forth the amount due and the basis for any objection.

### *b.  Sale Procedures.*

19. The Trustee seeks authority to sell the Property **free and clear of liens** pursuant to 11 U.S.C. § 363(b)(1) and (f)(2), as follows:

a. The sale will occur at 6520 N. 27th Avenue, Phoenix, AZ 85017 and online at **auctionaz.com**. If anyone places a bid within the last two minutes of bidding, the bidding will extend for an additional two minutes. **Online bidding will be available simultaneously during the live auction**.

b. The sale will begin to conclude at 10:00 a.m. MST, on Wednesday, March 7, 2018.

c. Inspection Date: Monday, March 5, 2018, from 10:00 a.m. to 4:00 p.m. or by appointment.

d. Sales proceeds shall first be used to pay Auctioneer's fees and expenses and then retained by the Trustee subject to further Court Order.

e. The Property shall be sold "as is" "where is" "without warranty" express or implied and without any guarantees, <u>**free and clear of all liens and encumbrances**</u>.

f. Subject to the Auctioneer's discretion the Property may be liquidated individually or in lots depending on what may bring the most value to the Estate.

g. All sales are subject to the Trustee's final approval.

h. All purchases require payment-in-full prior to removal of the Property and before 12:00 Noon the first business day following the auction.

20. Trustee seeks to effect a sale (the "**Sale**") of all of the Property, free and clear of all liens, claims, encumbrances, and interests in accordance with Bankruptcy Code § 363, with any such interests to attach to the proceeds in the order of priority to which it is entitled. The Sale will otherwise be AS-IS, WHERE-IS, with no guaranties or warranties.

## II. LEGAL AUTHORITY.

21. This Court has jurisdiction over Debtor's Chapter 11 case under 28 U.S.C. § 1334. Proceedings with respect to the Motion are core proceedings that the Court may hear and decide. *See* 28 U.S.C. § 157(b)(1) and (b)(2)(A), (M), (N), and (O). Moreover, venue is appropriate pursuant to 28 U.S.C. § 1408(1).

22. Property of the Estate includes "all legal or equitable interests of the debtor in property as of

the commencement of the case." *See* 11 U.S.C. § 541(a). The concept of property of the estate is broad in scope, encompassing all kinds of property, including tangible and intangible property, causes of action, real and personal property, certain property held by the debtor in trust for others, and certain property of the debtor held by others. *See U.S. v. Whiting Pools*, 462 U.S. 198, n.9 (1983). Debtor owns and scheduled the personal property (or inventory) which the Trustee may liquidate for the benefit of the creditors of this Estate.

### a. *Sale of Property Pursuant to 11 U.S.C. §§ 363(b) and (f)*.

23. Section 363(b)(1), provides in relevant part that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . ." 11 U.S.C. § 363(b)(1).

24. Section 363(f) authorizes a trustee to sell estate property under Bankruptcy Code § 363(b) "free and clear of any interest in such property of an entity other than the estate" if one of the following conditions is satisfied:

> (1) applicable non-bankruptcy law permits the sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f)(1)-(f)(5).

25. Case law generally provides that a sale of a debtor's assets free and clear of all liens, claims, encumbrances, and interests is permissible under § 363(f) as long as the liens, claims, encumbrances, and interests attach to the net proceeds of the sale. *See In re Wells,* 296 B.R. 728, 734 (Bankr. E.D. Va. 2003) (holding that a trustee could sell property free and clear of equitable interest in property with interest to attach to proceeds); *Folger Adam Security, Inc. v. DeMatteis/MacGregor, JV*,

209 F.3d 252, 259 (3rd Cir. 2000) ("The holdings of the courts suggest that any interest in property that can be reduced to a money satisfaction constitutes a claim for purposes of section 363(f) and, therefore, attaches to the proceeds of the sale."); *In re WPRV-TV, Inc.,* 143 B.R. 315, 321 (D.P.R. 1991).

26. The Property will be sold free and clear of all liens, claims and encumbrances as identified above.

27. The auction will occur at the location detailed in paragraph 19, above.

28. If the Order approving this Sale Motion has not yet been signed by the time of the respective sales, the auction will be held pursuant to the procedures set forth herein and bids will be taken with final approval of the winning bid, subject to approval of this Sale Motion.

29. After entry of an Order approving this Sale Motion, and upon the conclusion of bidding at the auctions and receipt by the Trustee of the purchase funds, the Trustee will file a Notice of Receipt of Funds and Application for Authorization to Compensate Auctioneer.

30. The sale proceeds will be held subject to further court order.

### *b.  Waiver of 14-Day Stay Imposed by Fed.R.Bankr.P. 6004(h).*

31. In addition, it is imperative that the parties are able to close the Sale as soon as practicable after the entry of the Order approving this Sale Motion. Accordingly, the Trustee respectfully request that the Court, in the discretion provided to it under Bankruptcy Rule 6004(h), waive the fourteen-day stay of the Order approving this Sale Motion arising under that same Bankruptcy Rule.

WHEREFORE, the Trustee respectfully requests that this Court make and enter an Order as follows:

A. Approving the Sale Motion;

B. Authorizing the Trustee to sell the Property on the terms and conditions set forth herein,

C. Approving the proposed bidding procedures detailed herein;

D. Authorizing Trustee to hold the sale proceeds subject to further court order; and

E. For such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 1st day of February, 2018.

**LANE & NACH, P.C.**

By /s/ Adam B. Nach - 013622
    Adam B. Nach
    Attorneys for Trustee

**CERTIFICATE OF MAILING**

COPY of the foregoing mailed via first class mail as follows:

| | |
|---|---|
| Tango Capital<br>136 E South Temple, Suite 2420<br>Salt Lake City, UT 84111 | Tango Capital<br>c/o SNAP ADVANCES LLC<br>Registered Agent<br>136 South Temple STE 2420<br>Salt Lake City, UT 84111 |
| First Corporate Solutions<br>914 S Street<br>Sacramento, CA 95811 | First Corporate Solutions<br>300 W. Clarendon Ave., Ste. 240<br>Phoenix, AZ 85013 |
| Elwood Acceptance, LLC<br>8111 North 9th Avenue<br>Phoenix, AZ 85021 | Elwood Acceptance, LLC<br>2090 E. University Ste. 112<br>Tempe, AZ 85281 |
| Elwood Acceptance, LLC<br>c/o Scott Miller<br>130 N. Central Avenue, Suite 203<br>Phoenix, AZ 85004<br>*Statutory Agent* | |

COPY of the foregoing mailed via electronic mail as follows:

| | |
|---|---|
| Bryan Glover<br>Foster Pepper, PLLC<br>111 Third Avenue<br>Seattle, WA 98101<br>Email: bryan.glover@foster.com<br>*Attorney for Aamazon Capital Services, Inc.* | Christine Levi<br>On Deck Capital, Inc.- Litigation and Bankruptcy Paralegal<br>1400 Broadway, 25th Floor<br>New York, NY 10018<br>Email: clevi@ondeck.com<br>*Attorney for On Deck Capital, Inc.* |
| Jonathan P. Ibsen Canterbury Law Group, LLP<br>14300 North Northsight Boulevard, Suite 129<br>Scottsdale, AZ 85260<br>Email: jibsen@clgaz.com<br>Attorney for Petitioning Creditors | Robert J. Spurlock<br>Bonnett, Fairbourn, Friedman & Balint, PC<br>2325 East Camelback Road, Suite 300<br>Phoenix, AZ 85016<br>Email: bspurlock@bffb.com<br>Attorney for Creditor Creator's Stained Glass |
| Office of U.S. Trustee | Randy Nussbaum |

| | | |
|---|---|---|
| 1 | 230 North First Avenue<br>Phoenix, AZ 85003 | Nussbaum, Gillis & Dinner, PC, by merger with<br>Sacks Tierney P.A. |
| 2 | Email: Patty.Chan@usdoj.gov | 4250 N. Drinkwater Blvd., Fourth Floor<br>Scottsdale, AZ 85251 |
| 3 | Elwood Acceptance, LLC<br>c/o Scott Miller | Email: randy.nussbaum@sackstierney.com<br>Attorneys for Various Creditors |
| 4 | Email: smiller.rcubed@gmail.com | |
| 5 | George Cunningham | Jon Russell Hultgren<br>Hammerman & Hultgren, pC |
| 6 | Cunningham & Associates, Inc.<br>6520 N. 27th Ave. | 3101 N. Central Ave., #500<br>Phoenix, AZ 85012 |
| 7 | Phoenix, AZ 85017<br>Email: George@auctionaz.com | Email: jon2hammerman-hultgren.com<br>Attorney for Northgate-72, LLC |
| 8 | Auctioneer | |
| 9 | Ronald J. Ellett | |
| 10 | Ellett Law Offices, P.C.<br>2999 North 44th Street, Suite 300 | |
| 11 | Phoenix, AZ 85018<br>Email: rjellett@ellettlaw.phxcoxmail.com | |
| 12 | Attorney for Isaias Verdugo | |
| 13 | By: */s/ Terie Flowers Turner* | |